Marcell Willis
FSP B5-13A1-03
P.O. Box # 71507l
CDCR # T-06031

E-filing



530

IN THE UNITED STATES DISTRICT COURT

FOR THE Northern DISTRICT OF CALIFORNIA

Marcell Willis,
           Petitioner,

v.

Folsom State Prison, Warden,
           Respondent.

Case No. CV 08 2484 MHP (PR)

PETITIONERS REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 USC 3006A(a)(2)(B)

    Petitioner, Marcell Willis, a state prisoner proceeding pro se, hereby files his federal habeas corpus petition pursuant to 28 USC §2254.

    Petitioner is seeking appointment of counsel pursuant to 18 USC §3006A(a)(2)(B). Petitioner's motion is based on the facts alleged herein, the facts and issues raised in this original habeas corpus petition, and the attached memorandum of points and authorities in support of petitioner's motion.

Date: 5.12.08

RESPECTFULLY SUBMITTED,

Supporting Cases, Penal codes, Points & Authorities

Habeas Rule 6(e)

Habeas Rule 8(c) - 28 USC §§ 1915(d), 2254(h); 18 USC § 3006 A

Eskridge v Rhay (9th cir 1965) 345 F2d 778, 782

Dillon v U.S. (9th cir 1962) 307 F2d 445 (28 USC § 2255 case)

Avbut v Maine (1st cir 1970) 431 F2d 688

Aderson v Heinze (9th cir 1958) 258 F2d 479, 484

1  DECLARATION OF _Appointment of Counsel_

3  I, _Marcell Willis F-06031_, hereby declare:
4  Counsel should be appointed because Issues in case are particularly
5  complex (A) Ineffective assistance of trial and appellant Counsel (B-)
6  Conspiracy to convict (E-) Proccecutorial Misconduct (D) Relief in the
7  interest of Justice, "should have never been tried for Self-Defense under
8  federal law". Petitioner needs counsel for due process under the
9  Circumstances of the case, Plus Issues are complex. The court
10 should recognize "That in the interest of Justice it is so required
11 for an indigent prisoner". Also a petition was filed in California's
12 Supreme court showing federal constitutional errors (Habeas
13 Corpus case #S152347). Also to research and collect
14 trial documents petitioner is unable to.

### VERIFICATION

I am the petitioner in the above cause of action, have read the statements herein, and declare under penalty of perjury that upon information and belief these statements are true and correct.

DATED: _5.12.08_                    RESPECTFULLY SUBMITTED,

_[signature]_

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

An appellate court has the discretion to appoint counsel for an indigent appellant. 18 USC 3006A. The court must determine whether the interests of justice require appointment of counsel in a particular case. 18 USC 3006A(a)(2)(B).

In deciding whether to appoint counsel, "the court should evaluate the likelihood of success on the merits, and the ability of the pro se appellant to articulate his claims in light of the complexity of the issues involved." Weygandt v. Look 718 F.2d 952, 954 (9th Cir. 1983). Also see Kreiling v. Field 431 F.2d 638, 640 (9th Cir. 1970); Chaney v. Lewis 801 F.2d 1191, 1196 (1986). In short, exceptional circumstances are required.

A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of petitioner to articulate his claims pre se in light of the complexity of the issues involved. Wilborn v. Escalderon 789 F.2d 1328, 1331 (9th Cir. 1986).

Petitioner urges the court to determine that the interests of justice require appointment of counsel in the instant case under 18 USC 3006A(a)(2)(B).

Thus appointment of counsel will not only benefit petitioner, but will also benefit the court in allowing this

important issue to be briefed in the best manner possible. Moreover, 18 USC 3006A(a)(2)(B) permits a court to appoint counsel when it "determines that the interests of justice so require." Terrovona v. Kincheloe 912 F.2d 1176, 1181 (9th Cir. 1990). Petitioner urges this court to make such a determination given the facts of the case, and the complexity of the issues involved.

:If the writ of habeas corpus is to continue to have meaningful purpose, it must be accessible not only to those with a strong legal background or the financial means to retain counsel, but also the mass of uneducated unrepresented prisoners." Williams v. Kullman 722 F.2d 1048, 1050 (2d Cir. 1983).

## CONCLUSION

For the foregoing reasons petitioner respectfully request this court make a finding of exceptional circumstances and appoint counsel.

Date: 5.12.08

RESPECTFULLY SUBMITTED,

_____

Pro se

**DECLARATION OF _____ IN SUPPORT OF**
**MOTION FOR APPOINTMENT OF COUNSEL**

I, Morrell Willis, do hereby declare as follows:

1. Petitioner is a layman at law, Petitioner is currently assigned to a prison job which requires he work during the hours of 0700-1530, Monday through Friday. The Folsom State Prison law library is open days between the hours of 0900-1400, Monday through Friday, 1230-1400 Saturday and Sunday, and 1730-2000 Monday through Friday evenings.

2. Inmates gain access to the library by first accessing the prison exercise yard, then waiting in a line to use the library which is located on the yard. Inmates access the yard on a rotating schedule determined by housing unit because only 1,000 inmates are allowed on the yard at one time and there are 3,5000 inmates at FSP.

3. The net effect of the above stated facts is that petitioner can only access the library on Friday nights and Saturday or Sunday afternoons. Petitioner can only attain access to the yard during one third of those available times due to the rotating yard schedule. Thus petitioner's actual library access possibilities are substantially limited. It would not be out of the ordinary for petitioner to gain access to the library only one time each two weeks.

4. Petitioner cannot study or become self taught in the time currently allotted under this courts procedural and time rules.

5. Petitioner respectfully request, that due to the complexities of the issues involved, and the limited time allowed him to become learned in all the clearly established United States Supreme Court law, this court will appoint counsel for petitioner in the current proceedings.

The foregoing statements are made under penalty of perjury. This document executed on the 12th day of May, 2008, at Represa, Sacramento County, California,

By: Marcell Willis .
    Pro se

Marcell Willis F-06031
FSP B5-131A1-03
P.O. Box # 715071
Represa, CA 95671
Pro se

UNITED STATES DISTRICT COURT

FOR THE ~~Central~~ Northern DISTRICT OF CALIFORNIA

Marcell Willis

    **Petitioner,**

    **Case no.** _____

v.

FSP Warden

    **PROOF OF SERVICE BY MAIL**

    **Respondent./**

    I am a citizen of the United States and a resident in the state of California. I'm currently incarcerated in a California State Prison. I'm over the age of 18 and a party to the within action.

    I served the following document to each of the persons named below at the address shown, by placing a true copy in a sealed envelope with postage fully prepaid, in the U.S. Mail at the Institutional Mailroom.

**DOCUMENT:** Motion

REQUEST FOR APPOINTMENT OF COUNSEL (18 USC 3006A(a)(2)(B)

**PARTIES SERVED:** United States CourtHouse, Federal Bldg.
450 Golden Gate Ave
P.O. Box # 36060
San Francisco, CA 94102

    I declare under penalty of perjury the above statements are true and correct. This document executed on the 12th May, 200 8, in the State of California.

                                         **SIGNED** _____

Marcell Willis T-06031
Folsom State Prison B5-B151-03
P.O. Box # 71507 1
Represa, CA 95671

PRISON GENERATED MAIL
FOLSOM STATE PRISON
PO BOX 715071
REPRESA CA 95671

$01.34
MAILED FROM ZIP CODE 95672

RECEIVED
MAY 1 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States Courthouse, Federal Bldg.
450 Golden Gate Ave
P.O. Box # 36060
San Francisco, CA 94102

"Legal Mail"